IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAUDI M. MWANGANAGI | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. |
| KENEXA TECHNOLOGY, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Daudi M. Mwangangi files this Complaint against Defendant Kenexa Technology, Inc. and in support thereof avers as follows:

### Jurisdiction and Venue

1. This Court has original jurisdiction over this action pursuant to 28 U. S. C. §1331 in that this claim is based upon laws of the United States of America, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended by the Civil Rights Act of 1991 ("Title VII"); and the Fair Labor Standards Act of 1938, 29 U.S. C. §201 ("FLSA").

2. Jurisdiction and venue are appropriate in this Court under 42 U.S.C. §2000e-5(f)(3) in that Defendant Kenexa maintains and administers employment records in this District, has its principal office and ongoing business operations in this District and certain events giving rise to the claim occurred in this District.

3. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

4. Plaintiff has complied with the applicable administrative remedies by first filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge

1

no. 470-2013-00454, and then simultaneously filing a Complaint with the Indiana Civil Rights Commission.

5. On May 30, 2013, the EEOC issued a Notice of Right to Sue indicating that the EEOC has terminated processing of the EEOC Charge and that Plaintiff has the right to file a lawsuit in court.

## Parties

6. Plaintiff Daudi Mwangangi ("Mwangangi") is a native of the country of Kenya and resides at 996 Bard Lane, Carmel, IN 46032.

7. Defendant Kenexa Technology, Inc. ("Kenexa") is an international corporation which maintains its principal United States headquarters in the Commonwealth of Pennsylvania at 650 East Swedesford Road, Wayne, PA 19087.

8. Defendant Kenexa provides integrated business solutions for human resources to clients in a variety of industries combining Human Resource content, technology and services.

9. At all times relevant hereto, Defendant Kenexa was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Kenexa.

## Factual Background

10. On November 14, 2011, Plaintiff Mwangangi commenced employment with Defendant Kenexa as a Staffing Consultant.

11. Plaintiff Mwangangi was assigned to work at Defendant Kenexa's client, Eli Lilly and Company ("Lilly"), physically located at Lilly's Indianapolis, Indiana

location. In order to complete all of his assigned tasks, Mwangangi also worked weekends remotely from his home in Carmel, Indiana.

12.     Plaintiff Mwangangi earned compensation of approximately $75,000.00 on an annualized basis plus employment benefits.

13.     Plaintiff Mwangangi was assigned to Lilly Hiring Managers and worked with Lilly Business Unit Leaders to set Service Level Agreements, expectations and requirements to insure defined recruitment and sourcing processes and the meeting of weekly monthly and quarterly recruitment goals, and also reviewed recruitment reports.

14.     Under the direction and supervision of Lilly Hiring Partners, Plaintiff Mwangangi was involved in conveying job offers, negotiating with candidates and assisted with relocations.

15.     Plaintiff Mwangangi was continuously employed by Defendant Kenexa until June 5, 2012, when he was advised that his employment was terminated.

16.     During Plaintiff Mwangangi's entire period of employment with Defendant Kenexa he had an exemplary job performance, and received many accolades regarding job performance from Lilly employees.

17.     In January 2012, Brian Hoffman ("Hoffman"), a Caucasian native of the United States, who was an Operations Manager, employed by Defendant Kenexa at its location in Cary, North Carolina became Plaintiff Mwangangi's immediate supervisor.

18.     Almost immediately, Hoffman singled out and targeted Plaintiff Mwangangi because of his national origin and his Kenyan accent.

19. When Hoffman found out that Plaintiff Mwangangi was born in Kenya, he referenced Kenya as the same ancestral land of Baraka Obama, and commented, "bad omen ... bad omen."

20. During a telephone conference in February 2012, Hoffman stated to Plaintiff Mwangangi, "You have an accent; we don't want people with accents talking to Lilly Directors."

21. In March 2012, Hoffman traveled to Lilly's Indiana location and advised Ryan Burke, a Lilly employee that Lilly should not be not interested in having Plaintiff Mwanganagi on their team based on his accent and that Mwanganagi was not polished enough.

22. In March, 2012, Plaintiff Mwangangi complained about Hoffman's comments and treatment to Stefan Lint ("Lint"), a Caucasian native of the United States, who is Defendant Kenexa's Director of Client Relations based in Wayne, PA; however, Hoffman's treatment continued.

23. Shortly thereafter, Hoffman, Lint and Julie Dewitt of Lilly met and agreed that Hoffman should talk to Ryan Burke of Lilly about how Mwangangi's accent was purportedly an issue to Lilly.

24. In April 2012, Lint advised Plaintiff Mwangangi that Lilly values his performance and contributions and does not have any problem with him but Lint was "very concerned over the way you have interacted with other Kenexans on the team and that there have been several confrontations that have required Hoffman and my involvement including the issues discussed with Leigh and Phil, Todd and now Hoffman himself."

4

25. Thereafter, Lint also advised Plaintiff Mwangangi that he would not advance in the company and was not promotable because he "was not polished," a judgment formed based on Mwangangi's Kenyan accent.

26. Lint also advised Plaintiff Mwangangi that his hiring was a big mistake for Kenexa and Lilly.

27. In May 2012, in accordance with Defendant Kenexa's policies, Plaintiff Mwangangi lodged a formal discrimination complaint with Kenexa's Human Resources Department and was informed that his concerns would be looked into; however, no action was ever taken with regard to the complaint.

28. On June 5, 2012, Plaintiff Mwangangi was informed by Defendant Kenexa's Director of Client Relations Lint that his employment was terminated effective immediately.

29. When Plaintiff Mwangangi was terminated, Lint advised Mwangangi that he wrote emails that Hoffman had to correct and address and that he was insubordinate.

30. Defendant Kenexa's proffered reasons for the termination of Plaintiff Mwangangi's employment are not true.

31. Following the termination of Plaintiff Mwangangi's employment, Kenexa promoted a Caucasian native of the United States, Thomas Yates Baker, who was a Staffing Consultant, to an Operations Manager Position in which Mwangangi previously indicated he was interested.

32. Plaintiff Mwangangi is more qualified than, or at least as qualified as Thomas Yates Baker for the Operations Manager position.

33. Following the termination of Plaintiff Mwangangi's assignment at Lilly, Defendant Kenexa failed to offer Mwangangi any positions working at any other Kenexa client even though positions for which Mwangangi was qualified were available.

34. Defendant Kenexa terminated Hoffman's employment in June 2012 at least in part based upon his discriminatory conduct toward Plaintiff Mwangangi.

35. Defendant Kenexa's actions have been outrageous in that its retaliatory motives and conduct as set forth above are malicious, wanton, reckless, willful and oppressive.

36. Plaintiff Mwangangi has sustained substantial damages as a result of Defendant Kenexa's termination of his employment in the form of lost wages, benefits and emotional distress.

37. Defendant Kenexa is responsible for all of the discriminatory actions of its managers.

38. As a Staffing Consultant Plaintiff Mwangangi had no managerial function of any kind.

39. As a Staffing Consultant Plaintiff Mwangangi's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

40. Defendant Kenexa maintains records in an Oracle software database which show the number of hours worked by Plaintiff Mwangangi each work day during his employment.

41. During the course of his employment Plaintiff Mwangangi was required to work on tasks which required him to work on average approximately 52-60 hours per

week without any additional compensation.

42. At no time during the course of Plaintiff Mwangangi's employment was Plaintiff ever paid time and one-half of his regular rate for hours worked in excess of 40 hours per week.

43. When Plaintiff Mwangangi accepted the offer to work for Defendant Kenexa as a Staffing Consultant, he was not advised he would be required to work on tasks which required him to work in excess of 40 hours per week.

44. From the commencement of Plaintiff Mwangangi's employment with Kenexa until the termination of Mwangangi's employment, Defendant Kenexa paid Mwangangi the same salary regardless of the fact that Plaintiff worked over 40 hours per week.

## COUNT I

## VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2

## RETALIATION

45. Paragraphs 1 through 44 are incorporated herein by reference as though set forth in full.

46. Plaintiff Mwangangi engaged in a protected employee activities in March, 2012 when he complained to Lint and in May 2012, when he lodged a formal complaint with Defendant Kenexa's Human Resources Department by opposing unlawful employment practices in the form of discrimination on account of national origin.

47. Plaintiff Mwangangi had a good faith belief that he was the subject of discrimination based upon national origin.

48. Defendant Kenexa took an adverse employment action in the form of the termination of Plaintiff Mwangangi's employment after or contemporaneous with the protected activity.

49. A causal link exists between the protected activity and the adverse action.

50. Defendant Kenexa's adverse action would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

51. Defendant Kenexa's articulated legitimate, non-discriminatory reasons for the termination of Plaintiff Mwangangi's employment is a pretext for discrimination because there are weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in its proffered legitimate non-discriminatory reasons which are unworthy of credence.

52. Defendant Kenexa's decision to terminate Plaintiff Mwangangi's employment is unlawful and constitutes retaliation against Mwangangi for reporting conduct which he reasonably believed to be national origin discrimination, which is protected activity under the Title VII.

53. As a direct result of the aforesaid unlawful retaliation, Plaintiff Mwangangi has sustained permanent and irreparable harm.

WHEREFORE, Plaintiff Daudi M. Mwangangi requests that this Court enter judgment in his favor and against Defendant Kenexa Technology, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein violate and continue to violate the enactments of the federal legislature; award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses which he has been denied and lost including, back pay, front pay, compensatory damages, punitive

damages, attorneys fees', expert witness fees, costs, and all other relief recoverable under applicable law.

## COUNT II

## VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2

## DISCRIMINATION BASED UPON NATIONAL ORIGIN

54.     Paragraphs 1 to 53 are incorporated herein as if set forth in full.

55.     Plaintiff Mwangangi is a member of a protected class.

56.     Defendant Kenexa has engaged in unlawful employment practices by terminating Plaintiff Mwanganagi's employment because of his national origin.

57.     Defendant Kenexa's decision to terminate Plaintiff Mwangangi's employment was arbitrary and capricious, and based upon a discriminatory animus based upon national original and natives of Kenya in the workplace.

58.     Defendant Kenexa's conduct constitutes unlawful discrimination in violation of Title VII, which forbids national origin discrimination.

WHEREFORE, Plaintiff Daudi M. Mwangangi requests that this Court enter judgment in his favor and against Defendant Kenexa Technology, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature; award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses which he has been denied and lost including, back pay and front pay; compensatory damages, attorneys fees', expert witness fees, punitive damages, costs, and all other relief permitted under applicable law.

## COUNT III

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## 29 U.S.C. §201

## OVERTIME PAY

59. Paragraphs 1 to 58 are incorporated herein as if set forth in full.

60. At all times during his employment with Defendant Kenexa Plaintiff Mwangangi was an Employee within the meaning of 29 U.S. C. §203(e)(l).

61. During Plaintiff Mwangangi's employment Defendant Kenexa was engaged in commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce.

62. Plaintiff Mwangangi is a party to whom wages are owed.

63. Defendant Kenexa is an Employer within the meaning of 29 U.S. C. §203(d) of the FLSA.

64. Defendant Kenexa failed to comply with the maximum hours provisions of 29 U.S. C. §207 of the FLSA by failing to pay Plaintiff Mwangangi time and one-half of his regular rate for hours worked in excess of forty (40) hours per week.

65. Defendant Kenexa 's acts were willful, as Kenexa knew or should have known of the FLSA's requirements.

66. There are no FLSA exemptions which permit Kenexa to fail to pay overtime pay to Plaintiff Mwangangi.

67. As a Staffing Consultant Plaintiff Mwangangi was required to report to and be under the direction of a Kenexa Operations Director.

68. The administrative exemption to the FLSA does not apply to Plaintiff Mwangangi's duties as a Staffing Consultant because Mwangangi's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

69. The executive exemption to the FLSA does not apply to Plaintiff Mwangangi's duties as a Staffing Consultant because Mwangangi did not manage the enterprise, or manage a customarily recognized department or subdivision of the enterprise; customarily and regularly direct the work of at least two or more other full-time employees or their equivalent; and did not have the authority to hire or fire other employees, or have his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees be given any particular weight.

70. The learned professional exemption to the FLSA does not apply to Plaintiff Mwangangi's duties as a Staffing Consultant because Mwangangi's primary duty did not involve the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

71. The learned creative professional exemption to the FLSA does not apply to Plaintiff Mwangangi's duties as a Staffing Consultant because Mwangangi's primary duty did not involve the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

72. Defendant Kenexa's failures violate the overtime provisions of the FLSA.

WHEREFORE, Plaintiff Daudi M. Mwangangi requests that this Court enter judgment in his favor and against Defendant Kenexa Technology, Inc., for all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act of 1938 but for Defendant's violation of Plaintiff's rights, liquidated damages, reasonable attorneys' fees, expert witness fees, interest and costs, and any other relief, which the Court deems appropriate.

*[signature]*

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Daudi M. Mwangangi

Dated: August 12, 2013